UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE MAINES,<br>     Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>     Defendant. | Case No. 12-cv-04889-JCS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STAY**<br><br>**Dkt. Nos. 48, 52** |

## I. INTRODUCTION

On January 7, 2014, the Court entered an order granting in part and denying in part both Plaintiff's motion for summary judgment and the Commissioner's motion for summary judgment. *See* Dkt. No. 45. The Court remanded the case to the ALJ to calculate an award of benefits corresponding to a limited period of time in which Plaintiff was eligible for benefits. On February 10, 2014, Plaintiff filed a Motion for Reconsideration of the Court's summary judgment order. Plaintiff has also filed a Notice of Appeal and a Motion to Stay pending the appeal. For the reasons explained below, the Motions are DENIED.[1]

## II. BACKGROUND

The Court described the facts of this case in detail in the summary judgment order and briefly reiterates them here. *See* Dkt. No. 45. Plaintiff, a minor with diabetes, appealed the ALJ's decision denying her Socials Security disability benefits. The ALJ held that although Plaintiff had a "severe" medically determinable impairment, the impairment did not meet or medically equal any of the Listings in 20 C.F.R. § 404, Subpart P, Appendix 1, and did not functionally equal any

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

of the Listings when considering the six "domains" in 20 C.F.R. § 416.926a(b)(1).

This Court affirmed in part and reversed in part the ALJ's decision. *See* Dkt. No. 45. With respect to whether Plaintiff has an impairment that meets or medically equals a listing, the Court noted that effective June 7, 2011, the Listing relating to diabetes (Listing 109.08) was amended to apply only to children under the age of six. Upon concluding that applying the new Listing 109.08 should apply in this case, the Court held that Plaintiff was entitled to disability benefits from the day she filed her application for benefits (August 24, 2009) until the day she turned six-years-old (February 22, 2010). *Id*. at 24-33. The case was remanded for a calculation of benefits corresponding to this limited period.

The Court otherwise affirmed the ALJ's decision that Plaintiff did not functionally equal a Listing by considering the domains in 20 C.F.R. § 416.926a(b)(1).[2] To "functionally equal" a listing, the impairment(s) must result in a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a), (d). The ALJ had found that Plaintiff had a "marked" domain in the area of physical health and well-being, but no limitation in any of the other five domains. On appeal before this Court, Plaintiff argued that the ALJ erred in finding that she did not have a "marked" limitation in the domain of "caring for yourself." The Court affirmed the ALJ on this point because there was no evidence that Plaintiff had any limitation in her ability to care for herself when compared to other children of her same age. Dkt. No. 45 at 33-34. Plaintiff had not argued that she met any of the other domains. The Court also held that even if the ALJ erred by failing to have a pediatrician or diabetes specialist evaluate Plaintiff's case, such error was harmless because it was "inconsequential to the ultimate nondisability determination." *Id*. at 35-37 (citing *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

In the Motion for Reconsideration, Plaintiff presents several arguments for why she believes the ALJ's should be reversed. *See* Dkt. No. 48. All of these arguments are either raised

---

[2] The six domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) physical health and well-being.

2

for the first time on this Motion or were raised in the briefing for the summary judgment motions. Plaintiff argues for the first time that the new Listing 109.08 is inconsistent with the enabling statute and contrary to Congress's intent. Plaintiff repeats the argument that she has a marked domain in the area of "caring for yourself," and argues for the first time that she meets the domains in two other areas for "acquiring and using information" and "attending and completing tasks." Plaintiff also repeats the argument that the ALJ erred by failing to have a pediatrician or diabetes specialist evaluate Plaintiff's case.

### III. DISCUSSION

#### A. Legal Standard

In this district, parties are required to request leave prior to moving for reconsideration of an *interlocutory* order. Civil L.R. 7-9(a). Such a request must be made "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities" of the parties in the case. *Id*. Local Rule 7-9(b) specifies that a motion for leave to file a motion for reconsideration must specifically show one of the following:

> (1) That at the time of the motion for leave, *a material difference in fact or law exists* from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of *new material facts or a change of law* occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b) (emphasis added). The Local Rule also prohibits parties from repeating "any oral or written argument … which the party now seeks to have reconsidered[,]" and requires that sanctions be imposed on parties not in compliance with this rule. *See id.*

#### B. Analysis

The Motion for Reconsideration is procedurally improper. The summary judgment order was dispositive of the parties' rights and liabilities in this case and the Court entered final

1  judgment.³  The summary judgment order was not an "interlocutory" order that is subject to a
2  motion for reconsideration.  *See* Civil L.R. 7-9(a).  Furthermore, Plaintiff did not first seek leave
3  of the Court prior to filing a motion for reconsideration.
4  The Motion for Reconsideration also fails in substance.  Plaintiff has not identified any
5  "new material facts or a change of law" that has emerged since the summary judgment order was
6  filed, and has not identified any "manifest failure by the Court to consider material facts or
7  dispositive legal arguments…." *See id.*  Rather, Plaintiff simply repeats the same arguments that
8  she made on summary judgment, and also raises new arguments that are not based on any new
9  material facts or change in the law.  Accordingly, the Motion for Reconsideration is DENIED.
10 The Motion to Stay is also procedurally improper.  Final judgment has been entered in this
11 case and Plaintiff has filed a Notice of Appeal.  This Court's January 7, 2014 summary judgment
12 order will be reviewed on appeal.

### IV. CONCLUSION

For the foregoing reasons, the Motion for Reconsideration and the Motion to Stay are DENIED.

**IT IS SO ORDERED.**

Dated: March 20, 2015

_____
JOSEPH C. SPERO
United States Magistrate Judge

---

³ Even if Plaintiff had filed a motion under Rule 60(b) for relief from the Court's summary judgment order and entry of final judgment, the Court would deny such motion.  Plaintiff has not identified any reason that would justify relief under Rule 60(b), such as "newly discovered evidence that, with reasonable diligence, could not have been discovered" prior to summary judgment.  Fed.R.Civ.P. 60(b).